On rehearing
McBRIDE, Judge.
We granted a rehearing in this case, as well as in Crawford v. Community Finance Service, Inc., 120 So.2d 854, and Crawford v. Public Discount Co., Inc., 120 So.2d 855, *853 the instant case having been consolidated with the two cases lastly mentioned because we were not satisfied with our original views that the defendant herein, who accepted the stolen money in good faith and without knowledge of its origin, was not protected by the theory that money and currency is highly negotiable and “has no earmarks,” or by the terms of our own Negotiable Instruments Law (Act 64 of 1904), LSA-R.S. 7:1 et seq.
We adhere to our previous findings of fact which are lucidly set forth in the original opinion and feel sure that we have placed the correct interpretation on the focal article of the LSA-Civil Code 2139. In our original opinion we said:
“Counsel for defendants also rely upon our negotiable instruments law on the theory that United States currency is nothing more nor less than negotiable instruments. Counsel assert that currency is the ‘essence of all negotiable instruments.’ We do not believe currency contains all the essence of a negotiable instrument under our law. We think United States currency is the object for which negotiable instru,-ments issue. The very first requirement of our negotiable instrument law is that the instrument must be signed 'by the maker. The signatures on pa-per money are made by facsimile .stamp, put there apparently by mach-inery. The adoption of the NIL has ■not in effect repealed Article 2139 of -.the Civil Code.”
We are firmly convinced that Unit-ed States currency and silver certificates are not such instruments as to come within the purview of the Negotiable Instruments Law, possibly not for the reason stated in our original opinion but for the reason that such are not commercial paper which this law was designed to cover.
Great stress was laid on the fact that the defendant accepted the money in question in due course of business, and that if we were to hold that the victimized owner of the money had a right to recover the amount from the innocent receiver, the verity of many business transactions would be destroyed and chaotic conditions would ensue.
This might be perfectly true, but regardless of the hardship visited upon defendant, which in good faith accepted the stolen money in payment of an antecedent debt, this court cannot overlook the provisions of LSA-C.C. art. 2139, which in unambiguous terms provides:
“If money, or other stolen property, be given in payment, the payment is not good, and the owner may recover the amount paid.”
Notwithstanding that it must be said that the defendant herein innocently received the stolen money from the thief, the owner thereof has his right to recover the amount from the defendant. To say otherwise would be to write out of the Civil Code entirely the above-quoted article.
We are of the firm opinion that we were correct in our original conclusions, and therefore our original decree is reinstated and made the final judgment of this court.
Original decree reinstated,